## Frank Kaeseberg, Appellee, v. N. Clifford Ricker et al., Appellants.

## Gen. No. 17,031.

1. ARCHITECTS—*citation of board of examiners*. The citation served on a licensed architect ordering him to appear before the State Board of Examiners of Architects to defend against a showing that he was guilty of dishonest practices may be considered as containing the charges and specifications against him.

2. ARCHITECTS—*dishonest practices*. An alleged dishonest act by an architect in placing his official seal on plans for a building merely to enable the contractor or owner to obtain a permit for the erection of the building does not constitute "dishonest practices" within the statute giving the State Board of Examiners of Architects power to revoke licenses for such practices, since it was not intended that a license might be revoked for a single dishonest act.

3. ARCHITECTS—*when alleged act not dishonest*. The alleged act of an architect in placing his official seal on plans for a building merely to enable the contractor or owner to obtain a permit to erect the building is not a "dishonest practice" within the meaning of the statute authorizing the revocation of licenses of architects by the State Board of Examiners of Architects for such practices, where there is no allegation of an intent to defraud, or that such architect was not familiar with the plans, or that they were not made under his supervision.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed March 4, 1913. Rehearing denied March 17, 1913.

POPE, HOIG, FULLER & NICHOLS, for appellants.

DUNN & HAYES, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This was a common law writ of *certiorari* issued by the Superior Court to quash the proceedings of the State Board of Examiners of Architects revoking the license of petitioner Kaeseberg. The statute creating

said Board empowers it to grant licenses to persons to practice architecture, which shall remain in force until revoked as therein provided, and further provides that, "Any license so granted may be revoked by unanimous vote of the State Board of Examiners of Architects for gross incompetency or recklessness in the construction of buildings or for dishonest practices on the part of the holder thereof; but before any license shall be revoked such holder shall be entitled to at least twenty days' notice of the charge against him and of the time and place of hearing, etc." This section specifies the causes for which licenses may be revoked, and they cannot be revoked for any other cause.

The following was the citation served on Kaeseberg:

"March 25th, 1909.

MR. FRANK KAESEBERG,
           764 Sheffield Avenue.
                   Chicago, Illinois.

DEAR SIR: By order of the Legal Committee of the Illinois State Board of Examiners of Architects, and by authority granted by law to said Board, you are hereby cited to appear before the Illinois State Board of Examiners of Architects on Friday, the 16th day of April, 1909, at 11 o'clock in the forenoon of that day at its Board Rooms 1112 Chamber of Commerce Building in the City of Chicago, then and there to answer to and defend yourself against such evidence as may be presented, showing you guilty of dishonest practices by the holder of a license to practice the profession of architecture in the State of Illinois. The evidence to be presented will have special reference to your conduct in placing your official seal on the plans for a building to be erected at the northeast corner of 71st Street and Stewart Avenue; also bounded on one side by the right of way of the Chicago, Rock Island & Pacific R. R.; said plans having been made by one Edward Shank residing at 2734 Forest Avenue, and doing business at 108 LaSalle Street in the City of Chicago or by some person in his employ or acting under his direction. Said plans were offered to the Commissioner

of Buildings of the City of Chicago for approval be-
tween March 16th and March 19th, 1909, and were re-
jected by the Commissioner of Buildings because they
had not been made by a licensed architect and were
returned to said Commissioner of Buildings on the fol-
lowing day bearing the seal of Frank Kaeseberg, li-
censed architect; also bearing the name of Edward
Shank imprinted in the blue prints which were offered
for approval; the purpose for which the seal of said
Kaeseberg was placed thereon being to enable the
Shank Company, Contractors, or Harvey T. Weeks,
Jr., said to be the owner of the said land upon which
said building is to be erected, to obtain a permit from
the Building Commissioner for the erection of said
building.

You will have the privilege to be heard in person or
by counsel in open public trial, and will be entitled to
the subpoenas of the Board for your witnesses as pro-
vided in Section 10 of the act, by which this Board is
constituted.

By order of the Legal Committee.

(Signed) PETER B. WIGHT, Secretary.''

Considering this citation as appellant contends it
should be considered, as containing the charges and
specifications, the question is presented whether the
conduct with which Kaeseberg was thereby charged
can be held to be ''dishonest practices'' on his part
within the meaning of the words as used in the statute.
The dictionary definition of ''practices'' is, ''A sucess-
sion of acts of a similar kind or in a like employment;''
of ''practice'' is, ''Frequent, repeated or customary
action; a succession of acts of a similar kind.''    In
granting to the Board power to revoke a license for
''dishonest practices,'' we cannot think that it was the
intention of the Legislature to grant to the Board
power to revoke a license for a single dishonest act.
The only act with which Kaeseberg was charged by
the citation was that he placed his official seal on cer-
tain plans made by Edward Shank or some one in his
employ, which were presented to the Building Commis-

sioner of Chicago to obtain a permit for the erection of the building.

We do not think that the acts which Kaeseberg was by the citation alleged to have committed can be held to be "dishonest practices" within the meaning of the statute, first, because the commission of a single act does not amount to or constitute "practices" or "practice," and the allegation that a person committed a single act is not sufficient to support a charge that he is guilty of specified "practices" or "practice;" and, second, because the acts and conduct with which Kaeseberg was charged are not sufficient to show that his act in putting his seal on the plans in question was a "dishonest" act. There is no allegation of any intent to defraud or deceive, or that Kaeseberg was not entirely familiar with the plans in question, or that the same were not made under his supervision, and we are unable to see in the facts alleged any indication that he was dishonest.

At the hearing the Superior Court held that the order revoking the license should be set aside and entered an order quashing and setting aside the order of the Board revoking said license, and in that result we are disposed to concur. The judgment will therefore be affirmed.

*Affirmed.*